552 P.2d 1025 (1976)
Patricia L. STRONG, Plaintiff-Appellant,
v.
RETAIL CREDIT COMPANY, Defendant-Appellee.
No. 75-103.
Colorado Court of Appeals, Div. II.
July 15, 1976.
*1026 John A. Kintzele, Denver, for plaintiff-appellant.
Yegge, Hall & Evans, Thomas B. Kelley, Denver, for defendant-appellee.
Selected for Official Publication.
RULAND, Judge.
Plaintiff, Patricia L. Strong, appeals from a summary judgment dismissing her complaint against defendant, Retail Credit Company, as well as the denial of her motion to amend the complaint. We affirm.

I. Summary Judgment
In her complaint, Strong requested damages for fraud and gross negligence in the preparation of a report by Retail Credit for Fidelity Mutual Life Insurance Company.
*1027 For the purposes of its motion for summary judgement only, Retail Credit "assumed" that the factual allegations in the complaint were true. Those allegations reflect that on August 1, 1968, and pursuant to the request of Fidelity, Retail Credit prepared a "Special Narrative Agent's Report" pertaining to Angelo Canino. Fidelity requested the report in conjunction with its consideration of Canino for employment as an insurance agent. Fidelity contemplated that Canino, if employed, would have dealings with the general public in financial transactions, and the Special Narrative Agent's Report was one of the "more important and indispensible procedures" used by Fidelity in determining Canino's fitness for employment.
The Special Narrative Agent's Report reflected that Canino had not had any "past or present financial difficulty," that his reputation was good, and that he had no adverse personal traits. However, the report did not disclose that in 1961 Canino was convicted of writing short checks and that in 1962 and 1965 he was convicted of larceny by bailee, thus demonstrating Canino's "reputation and traits for dishonesty with money."
Canino was subsequently employed, and, as a result of his status as an insurance agent, Strong became acquainted with Canino and entrusted to him $115,000 on August 1, 1969. Canino misappropriated these funds and has returned to Strong only approximately $13,000.
The complaint alleged that Retail Credit fraudulently represented in the report to have knowledge concerning Canino's reputation, financial difficulties, traits, and personal life when it had no such knowledge, and Retail Credit was guilty of gross negligence in preparing the report. While Strong did not discover the existence of the Special Narrative Agent's Report until approximately April of 1972, she alleged that she indirectly relied upon the report in entrusting the funds to Canino because his employment by Fidelity "clothed" him with the reputation of being honest and trustworthy.
In support of its motion, Retail Credit relied upon the following uncontested facts derived from written documents, uncontroverted affidavits, and depositions. The Special Narrative Agent's Report contained the following statement: "Caution to customer. Under the terms of our agreement [between Retail Credit and Fidelity], this report is submitted with the understanding that it is to be held in STRICT CONFIDENCE." In the contract between Retail Credit and Fidelity covering the preparation of reports, it was provided that neither information from the report nor the identity of Retail Credit could be revealed to anyone other than the employees of Fidelity who were evaluating Canino for employment. Fidelity was advised that the information in the report was based upon fallible human sources and that for the fee charged, Retail Credit was "not an insurer of the accuracy of the information."
Retail Credit acquired the information in the report from interviewing two individuals who had known Canino for approximately four months and four years respectively, and the report reflects the sources for the information reported. Since the individuals did not disclose any negative information, the report was basically favorable to Canino. The charge to Fidelity for the report was approximately $15.
Relying upon the principle that summary judgment is proper only if there is no genuine issue as to any material fact, C.R.C.P. 56, Strong first contends that the question of her reliance on the report is a question of fact which may not be determined by summary judgment. Under the circumstances of this case, we disagree.
At the outset we note that Strong does not pursue any claim predicated upon simple negligence thus conceding, in effect, that privity of contract is necessary under existing Colorado case law to *1028 establish such a claim and thus Retail Credit has no liability therefor since its report was prepared only for Fidelity. See Birkenmayer & Co., Inc. v. Homestead Minerals, 32 Colo.App. 258, 510 P.2d 449 (1973). See also Howard v. Dun & Bradstreet, Inc., 136 Ga.App. 221, 220 S.E.2d 702 (1975); but see Restatement (Second) Torts § 552 (Tent. Draft No. 12, 1966). However, lack of privity is not a defense to a claim predicated on fraud or gross negligence. Ultramares Corp. v. Touche, 255 N.Y. 170, 174 N.E. 441 (1931); see Annot., 54 A.L.R.2d 324. On the other hand, regardless of whether Retail Credit's acts in making the misrepresentations are characterized as fraud or gross negligence, Strong must still establish that she was entitled to rely upon those misrepresentations. See Otis & Co. v. Grimes, 97 Colo. 219, 48 P.2d 788 (1935).
Generally, one may not claim to have relied upon misrepresentations contained in a report when he was not aware of the existence of the report at the time he suffered injury. See, e.g., Parker Precision Products Co. v. Metropolitan Life Insurance Co., 407 F.2d 1070 (3rd Cir. 1969). However, Strong argues that she indirectly relied upon the report and that indirect reliance is sufficient. This argument is predicated upon her allegations that obtaining the report was one of the more important and indispensable procedures employed by Fidelity in determining Canino's fitness for employment, and that Canino's employment by Fidelity clothed him with the appearance of honesty, and, as a result thereof, Strong entrusted him with the misappropriated funds.
Even assuming, arguendo, that these allegations established reliance upon the report as a matter of fact, such reliance is not sufficient to impose liability upon Retail Credit under the circumstances of this case. One who makes a misrepresentation is not liable to those persons whom he has no purpose to reach or influence and when there is no special reason to expect that the misrepresentation will influence such persons. See, e.g., Nader v. Allegheny Airlines, Inc., 167 U.S.App.D.C. 350, 512 F.2d 527 (1975), reversed on other grounds, 423 U.S. 946, 96 S.Ct. 355, 46 L. Ed.2d 276 (1975); Cohen v. Citizens National Trust & Savings Bank, 143 Cal. App.2d 480, 300 P.2d 14 (1956). See also W. Prosser, "Misrepresentation and Third Persons," 19 Vand.L.Rev. 231 (1966). While this rule has been based upon concepts of duty, Nader v. Allegheny Airlines, Inc., supra, foreseeability, New York Title & Mortgage Co. v. Hutton, 63 App.D.C. 266, 71 F.2d 989 (1934), and even intent, Cohen v. Citizens National Trust & Savings Bank, supra, the result is the same. This rule is applicable here for the following reasons.
First, it is not controverted that Retail Credit prepared its report on Canino to influence only Fidelity. The report reflects that the information provided was to be held in strict confidence. The contract between Retail Credit and Fidelity also confirms the confidentiality requirement.
Second, Strong has failed to show by affidavit or otherwise any special reason for Retail Credit to expect that the confidentiality requirement would be violated so that its report could be used to influence her. The allegation that obtaining the report was an "indispensable procedure" in the employment process, falls far short of establishing such an expectancy.
Contrary to Strong's contention here, the theory of constructive fraud, see United States National Bank v. Bartges, 122 Colo. 546, 224 P.2d 658 (1950), does not relieve her from the burden of demonstrating that she may rely on the contents of Retail Credit's report. See Foont-Freedenfeld Corp. v. Electro-Protective Corp., 126 N.J.Super 254, 314 A.2d 69 (1973), affirmed, 64 N.J. 197, 314 A.2d 68 (1974); Fire Association of Philadelphia v. Vantine *1029 Paint & Glass Co., 133 N.W.2d 426 (N.D.1965).

II. Amendments to the Complaint
After Retail Credit filed its motion for summary judgment, Strong filed a motion to amend her complaint seeking to assert two additional claims. The first claim asserted a breach by Retail Credit of the "implied warranty of merchantability and fitness" under the Uniform Commercial Code, § 4-2-314(2) (c), C.R.S.1973, on the theory that the Special Narrative Agent's Report fell within the definition of "goods" under the code. The second claim was based upon strict liability in tort for the sale of a product. See generally Hiigel v. General Motors Corp., Colo., 544 P. 2d 983 (1976); Bradford v. Bendix-Westinghouse Automotive Air Brake, Co., 33 Colo.App. 99, 517 P.2d 406 (1973). Strong contends that the trial court erred in denying the motion. We disagree.
We need not address Strong's contention that the denial of her motion constituted an abuse of the trial court's discretion under C.R.C.P. 15(a) since we agree with the trial court's observation that these legal theories are of no avail to Strong in this case. Both theories require that the contract between Fidelity and Retail Credit involve the sale of a product. See St. Luke's Hospital v. Schmaltz, Colo., 534 P.2d 781 (1975). However, the agreement between Fidelity and Retail Credit is a service contract wherein Fidelity purchases "investigating services and reports" for specified charges. We do not view the report based upon the investigation as a product. In Samuelson v. Chutich, Colo., 529 P.2d 631 (1974), our Supreme Court held that concepts of liability without fault are not applicable to service contracts, and hence that case is dispositive as to both the implied warranty and strict liability theories.
Judgment affirmed.
ENOCH and STERNBERG, JJ., concur.