Matt WOLTHER, Plaintiff-Appellant,

v.

Donald SCHAARSCHMIDT, d/b/a Schaarschmidt Engineering, Defendant-Appellee,

and

West Way Associates, a partnership, and Andi Are, Defendants.

No. 85CA0783.

Colorado Court of Appeals, Div. I.

Dec. 31, 1986.

Rehearing Denied Jan. 29, 1987.

Certiorari Denied (Schaarschmidt) July 13, 1987.

Rector, Retherford, Mullen & Johnson, L. Dan Rector, Colorado Springs, for plaintiff-appellant.

Cleveland, Wengler & Robbins, P.C., Edward D. Cleveland, Colorado Springs, for defendant-appellee Donald Schaarschmidt, d/b/a Schaarschmidt Engineering.

CRISWELL, Judge.

Plaintiff, Matt Wolther, appeals the summary judgment that dismissed his negligent misrepresentation claim against defendant, Donald Schaarschmidt. Because we conclude that there are genuine issues of fact still to be resolved, we reverse.

Plaintiff entered into a contract with a third party (West Way) to purchase an older home and applied to a lending institution for a purchase money loan. The appraiser hired by the lender to appraise the property engaged defendant, an engineer, to make a "walk through" inspection of the premises and to render an opinion upon its condition.

It is undisputed that plaintiff knew of defendant's inspection of the property for purposes of the loan inasmuch as he saw defendant on the property on the day he inspected it. At that time, plaintiff asked defendant whether he was going to "approve" the house, so that the loan could be made. In response, defendant pointed out certain conditions in the property, told plaintiff that he thought the house had

been constructed upon expansive soils and that there might be further soil movements in the future, but said that it would be up to the lender to approve the loan. Defendant finally advised plaintiff that he would "call it the way I see it."

After his inspection, defendant prepared a written report which he sent to the real estate broker, rather than to the lender's appraiser who had engaged him. In this report, defendant referred to his "structural inspection" of the dwelling and noted that the floors of the structure were sloping, but stated that, in his opinion, they did not constitute a "structural hazard." The ultimate conclusions of this report were that the house was "well-maintained and basically structurally sound" and that defendant felt that no "remedial repairs" were necessary.

After receiving this report, the lender approved plaintiff's loan and a closing upon plaintiff's house purchase was held. At the time of closing, plaintiff had not seen the defendant's report. He claims, however, that the lender's approval of the loan led him reasonably to believe that defendant's report approved the structure's soundness.

After the closing, plaintiff took possession of the premises. He then discovered that certain floor supports underneath the house were rotten and termite infested, requiring their replacement at considerable cost to him. As a result, he instituted suit against West Way for fraud and against defendant for negligent misrepresentation under *Restatement (Second) of Torts* § 552 (1977) (Restatement § 552).

Initially, the trial court, relying upon this court's decisions in *Strong v. Retail Credit Co.*, 38 Colo.App. 125, 552 P.2d 1025 (1976), and *Birkenmayer & Co. v. Homestead Minerals*, 32 Colo.App. 258, 510 P.2d 449 (1973), granted defendant's motion for summary judgment upon the ground that plaintiff was not in privity with defendant, a prerequisite for any misrepresentation action based on simple negligence. On reconsideration, the court modified this ruling and, instead, held that plaintiff could not recover from defendant because the

undisputed evidence established that he was not one of the persons for whose benefit defendant supplied the information contained in his written report.

We conclude that the entry of summary judgment on either basis was improper.

I. The Necessity for Privity

Restatement § 552, in pertinent part, reads as follows:

"(1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

(2) Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered

(a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and

(b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction."

Comments b and e to this section make clear that the "information" referred to includes a professional opinion, as well as the facts which underlie such an opinion.

The rationale of Restatement § 552 was expressly adopted by this court in *First National Bank v. Collins*, 44 Colo.App. 228, 616 P.2d 154 (1980), in which we noted that the claim of negligent misrepresentation had been "discussed" in the earlier opinion in *Birkenmayer & Co. v. Homestead Minerals, supra*. Prior to *First National Bank, supra*, the court in *Strong v. Retail Credit Co., supra*, had suggested that, in relying upon Judge Cardozo's decision in *Ultramares Corp. v. Touche*, 255 N.Y. 170, 174 N.E. 441 (1931), *Birkenmayer* had adopted the rule that a supplier of

information was not liable for his simple negligence to any person not in privity with him.

■ The Restatement rule does not require privity in order to render a provider of information liable to the limited groups of persons described in Restatement § 552(2). Thus, this court's express adoption of Restatement § 552 in *First National Bank, supra,* necessarily rejected any requirement for privity. To the extent that either *Birkenmayer* or *Strong* may be read as requiring privity as one of the elements of a negligent misrepresentation claim, we decline to follow them.

## II. Plaintiff as Intended Beneficiary

In support of his motion for summary judgment, defendant submitted an affidavit in which he declared that it was not his intention that any prospective purchaser would act in reliance on his report and that he was not informed that such a prospective purchaser would receive a copy of his report. Based upon these allegations, which plaintiff did not directly controvert, the trial court concluded that the undisputed evidence established, as a matter of law, that plaintiff was not one of the intended beneficiaries of defendant's report under Restatement § 552(2)(a).

We conclude, however, that even the scant information presented to the trial court demonstrated the existence of a genuine issue of fact with respect to this matter.

■ Generally, the issue of a party's intent is a question of fact and is not an appropriate issue for summary disposition. *Hatfield v. Barnes,* 115 Colo. 30, 168 P.2d 552 (1946). Moreover, while a party against whom a summary judgment is sought may take some risk by not submitting controverting affidavits or other evidence, nevertheless, if the moving party's proof does not itself demonstrate the lack of a genuine factual issue, summary judgment is inappropriate. *Ginter v. Palmer & Co.,* 196 Colo. 203, 585 P.2d 583 (1978).

■ In this case, it was uncontroverted that defendant knew that his inspection and report were being made for the purpose of a property appraisal in conjunction with a loan to plaintiff, a prospective purchaser of the property. Indeed, prior to making his report, he had met plaintiff and discussed with him the structure's condition. During this conversation, their remarks indicated that both plaintiff and defendant were aware that the lender's decision upon plaintiff's loan application would depend, at least in part, upon the results of defendant's inspection. Furthermore, when defendant completed his report, he sent it, not to the appraiser or to the lender, but to the real estate broker.

Under Restatement § 552(2)(a), the provider of the information is liable to those persons to whom he "knows" the recipient of the information intends to supply it. In addition, Restatement § 552(2)(b) renders him liable to anyone who relies to his detriment upon the information provided, where he "knows" that the information is to be used by the recipient to influence a "transaction."

Based upon the evidence submitted to the trial court, we conclude that a finder of fact could reasonably infer that defendant knew that the lender intended that the information supplied by defendant would influence the loan transaction, which transaction was necessary to plaintiff's acquisition of the property.

Moreover, while plaintiff did not actually receive a copy of defendant's report prior to the closing of the transaction, a finder of fact could also conclude that, because of his prior discussion with defendant, plaintiff could reasonably have relied upon the lender's approval of his loan as confirmation that defendant's structural report was favorable. *See Larsen v. United Federal Savings & Loan Ass'n,* 300 N.W.2d 281 (Iowa 1981) (appraiser is liable to purchaser for his negligence in preparing appraisal, even though purchaser did not receive appraisal report until after the deed had passed).

■ Finally, at least under the circumstances of this case, we conclude that, even if the lender did not advise defendant that

his report would be provided to plaintiff, such fact would not defeat plaintiff's claim. If it was reasonably foreseeable that the recipient of the information would disclose that information to the other parties to the transaction, the information provider possesses the knowledge necessary under Restatement § 552(2) to impose liability upon him. *See First American Title Ins. Co. v. First Title Service Co. of the Florida Keys, Inc.*, 457 So.2d 467 (Fla.1984) (abstractor liable to purchaser if he knew or should have known that his customer intended the abstract for use by prospective purchasers); *H. Rosenblum, Inc. v. Adler*, 93 N.J. 324, 461 A.2d 138 (1983) (accountant liable to anyone whose injury from reliance upon financial statement is reasonably foreseeable); *Williams v. Polgar*, 43 Mich.App. 95, 204 N.W.2d 57 (1972), *aff'd*, 391 Mich. 6, 215 N.W.2d 149 (1974) (abstractor liable to subsequent purchasers and mortgagors since it is foreseeable that they will rely upon abstract).

Of course, any fact finder to whom these issues are submitted may well refuse to draw the inferences upon which plaintiff relies. Nevertheless, the fact that more than one reasonable factual finding or factual inference may be adopted renders disposition on summary judgment improper. *Pomeroy v. Waitkus*, 183 Colo. 344, 517 P.2d 396 (1973).

The judgment is reversed and the cause is remanded for further proceedings consistent with the comments contained herein.

PIERCE and SMITH, JJ., concur.