[Nos. 25866-4-I; 26240-8-I.  Division One.  July 22, 1991.]

*In the Matter of the Dependency of* L.S.

THE STATE OF WASHINGTON, *Respondent,* v. TIMOTHY SCHULTES, *Appellant.*

THE STATE OF WASHINGTON, *Respondent,* v. DEANA SCHULTES, *Appellant.*

2

*Andrew Zinner* of *Washington Appellate Defender Association*, for appellant Timothy Schultes.

*Michael Danko*, for appellant Deana Schultes.

*Kenneth O. Eikenberry, Attorney General*, and *Terry Noeth, Assistant*, for respondent.

PEKELIS, J. — Timothy and Deana Schultes contend that the trial court erred in granting summary judgment to the State on its petition to find their daughter, L.S., dependent. They assert that determining dependency in a summary judgment procedure is not permitted under the court rules and violates their right to due process.

They assert, alternatively, that summary judgment was improper here because there are genuine issues of material fact.

Because the factual and legal issues raised in these two appeals are identical, these cases are consolidated under cause 25866-4-I. All further pleadings shall be filed under cause 25866-4-I.

I

On December 5, 1989, L.S. was born to Timothy and Deana Schultes. On December 6, 1989, the Department of Social and Health Services (DSHS) filed a dependency petition alleging that L.S. was dependent under RCW 13.34.030(2)(b).

The State also asserted:

1.5 The allegation of dependency is based on the following facts as provided by DCFS investigative social worker, ROBERT STUTZ

1. Parents have been known to the Department since 1985. Since that time family has been provided with a multitude of services including; individual and couple counseling, public health nurse, day care, Children's Home Society services, homebuilders, parents anonymous, anger management, narcotics anonymous, drug treatment, therapeutic day care respite care, home based therapy, and two psychological evaluations. The psychologist states that despite services the parents situation has deteriorated.

2. The Schultes 2 older children are both in foster care due to physical abuse and neglect (D.S. age 5 since 5/85 and M.S. since 5/89). A termination hearing for the 2 boys is scheduled for 2/12/90.

3. Parents have had two psychological evaluations (8/4/86 and 4/88). These express serious concerns regarding parents ability to ever be able to parent. There is ample evidence to indicate any child is at grave risk of abuse and neglect. It was recommended that any future children born to Deana be placed in state custody.

4. Tim Schultes has admitted to ongoing drug use to CPS and the GAL for the older siblings.

4

5. Family does not have stable environment for the child. They have been homeless, move frequently and are presently in temporary shelter.

6. Mrs. Schultes has told several people that she and Tim plan to take infant and leave area as soon as they can travel.

7. The child was born 12/5/89 and remains hospitalized. It is anticipated that the child will be ready for release on or about 12/10/89.

On December 8, 1989, the trial court held a hearing and entered a shelter care order. The trial court ordered L.S. to be placed in DCFS approved care upon her release from the hospital with DCFS supervised visitation twice a week. On January 8, 1990, the trial court entered a second shelter care order. The trial court ordered L.S. to remain in DCFS approved care with DCFS supervised visitation twice a week. The trial court set a fact-finding hearing for March 22, 1990.

From February 16, 1990, through March 1, 1990, the trial court held a termination of parental rights hearing regarding Timothy and Deana's two sons, D.S. and M.S. On March 15, 1990, the trial court entered findings of fact, conclusions of law, and order terminating parent-child relationship terminating Timothy and Deana's parental rights to D.S. and M.S.

On March 16, 1990, 6 days before the scheduled fact-finding hearing regarding L.S., DSHS filed an amended dependency petition which added the following allegation to its original petition:

8. An order terminating the parental rights as to the parents other 2 children was entered on March 15, 1990 & specifically found that "both parents are currently unfit to take on parenting responsibilities."

That same day, DSHS filed a motion and affidavit for summary judgment pursuant to CR 56 and former King County Local Juvenile Court Rule (LJuCR) 3.7(e)(2). In its affidavit, the State asserted that allegations "1

through 5 and 8 of the Amended Dependency Petition are not in dispute and dependency should be established as a matter of law." The State also noted that on March 15, 1990, the trial court entered findings of fact, conclusions of law, and order terminating parent-child relationship terminating Timothy and Deana's parental rights to D.S. and M.S. The State maintained that:

Dependency may be established pursuant to RCW 13.34-.030(2)(c) when a child has no parent, guardian, or custodian capable of adequately caring for the child, such that the child is in circumstances which constitute a danger of substantial damage to the child's psychological or physical development. The findings set forth in the order dated March 15, 1990, prove that the requirements of RCW 13.34.030(2)(c) have been met; dependency must therefore be established as a matter of law.

On March 20, 1990, the trial court held a hearing on the State's summary judgment motion.[1] The State contended that since there was no dispute that 5 days earlier another trial judge had found Timothy and Deana unfit to adequately parent D.S. and M.S., the trial court should find them unfit to parent L.S. and deem L.S. dependent under RCW 13.34.030(2)(c).

Timothy and Deana acknowledged that the trial court had found them unfit to parent D.S. and M.S. They asserted, however, that the facts were in dispute as to their ability to parent L.S. To support this assertion, Deana's attorney submitted a declaration in opposition to summary judgment motion in which he summarized Deana's position. Timothy's attorney stated that Timothy adopted Deana's position as stated in the declaration. The declaration stated, in part:

2. Mother has indicated to me that she opposes the summary judgment motion of the State for several reasons. First, she

---

[1]We note that neither an attorney nor a guardian ad litem was appointed for L.S. RCW 13.34.100 provides that "[t]he court shall appoint an attorney and/or a guardian ad litem for a child who is a party to [a contested dependency proceeding] unless a court, for good cause, finds the appointment unnecessary."

does not agree with the allegations of the amended dependency petition, i.e. allegations 1-5 and 8.

3. In particular mother denies allegations no. 3 which states in part, ". . . that there is ample evidence to indicate any child is at grave risk of abuse and neglect." Mother has indicated that her child L.S. was taken from her in the hospital within the first three days after birth, and she has not had a real opportunity to demonstrate her parenting abilities except through limited visitation at the caseworker's office. It is her feeling that said visits have for the most part gone well, and that her child should now be returned to her.

4. Regarding allegation no. 4 of the petition, mother has indicated that though father had a past drug problem, he has been "clean" for several months and is not a risk to use again.

5. Regarding allegation no. 5 mother has indicated that she has lived at the YMCA with her husband for several months, and now has located another stable residence.

On March 21, 1990, the trial court entered findings of fact, conclusions of law, and order of dependency. The trial court found that "[a]n order terminating parental rights as to [L.S.'s] siblings was entered on March 15, 1990 which found both parents currently unfit to take on parenting responsibilities." The trial court further found that "[t]here is no parent or guardian available to care for such child." Accordingly, the trial court found L.S. dependent under RCW 13.34.030(2)(c).

Timothy and Deana appeal.

## II

Timothy and Deana contend that the trial court erred in granting summary judgment to the State on its petition to find their daughter, L.S., dependent.

The relevant statutes provide, in part:

(2) "Dependent child" means any child:
. . . .
(c) Who has no parent, guardian, or custodian capable of adequately caring for the child, such that the child is in

circumstances which constitute a danger of substantial damage to the child's psychological or physical development.

RCW 13.34.030(2)(c).

> If, after a fact-finding hearing pursuant to RCW 13.34.110 . . . it has been proven by a preponderance of the evidence that the child is dependent within the meaning of RCW 13.34.030(2) . . . the court shall enter an order of disposition[.]

RCW 13.34.130.

Timothy contends first that CR 56 and former King County LJuCR 3.7(e)(2), which would seem to allow a finding of dependency to be made without a fact-finding hearing, cannot apply to dependency proceedings because they are inconsistent with JuCR 3.7(a) and RCW 13.34-.110, which require a fact-finding hearing prior to a determination of dependency.

JuCR 1.4(a) provides that "[t]he Superior Court Civil Rules shall apply in proceedings other than those involving a juvenile offense when not inconsistent with these rules and applicable statutes." JuCR 1.4(d) provides that "[t]he local rules of a juvenile court shall apply when not inconsistent with these rules and applicable statutes."

■ In the context of court rules, "inconsistent" has been defined by our Supreme Court as meaning " 'court rules so antithetical that it is impossible as a matter of law that they can both be effective.' " *State v. Chavez*, 111 Wn.2d 548, 555, 761 P.2d 607 (1988) (quoting *Heaney v. Seattle Mun. Court*, 35 Wn. App. 150, 155, 665 P.2d 918 (1983)).

CR 56(a) provides, in part: "A party seeking to recover upon a claim . . . may . . . move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof." Former King County LJuCR 3.7(e)(2) provided, in part:

> All parties shall attend the hearing. The court shall determine what, if any, specific factual allegations of the petition are denied by any party. If facts sufficient to establish dependency are not in dispute, the court shall enter an order establishing dependency. If facts concerning dependency are in dispute, the court shall set the matter for trial which shall be

held within three weeks, unless sufficient reason exists to grant additional time.

JuCR 3.7(a) provides "The court shall hold a factfinding hearing on the [dependency] petition in accordance with RCW 13.34.110." RCW 13.34.110 provides:

> The court shall hold a fact-finding hearing on the petition and, unless the court dismisses the petition, shall make written findings of fact, stating the reasons therefor, and after it has announced its findings of fact shall hold a hearing to consider disposition of the case immediately following the fact-finding hearing or at a continued hearing within fourteen days or longer for good cause shown. The parties need not appear at the fact-finding or dispositional hearing if all are in agreement[.]

Timothy maintains that a parent's right to a fact-finding hearing in a dependency proceeding requires a mandatory construction of "shall". *See Nichols v. Snohomish Cy.*, 109 Wn.2d 613, 619, 746 P.2d 1208 (1987) ("if the right of anyone depends upon giving the word *shall* an imperative construction . . . it receives a mandatory interpretation"). Yet, if it is permitted to proceed under CR 56 and former King County LJuCR 3.7(e)(2), the juvenile court can avoid the hearing requirement of JuCR 3.7(a) and RCW 13.34.110. Thus, Timothy argues, the civil and local juvenile court summary judgment rules are inconsistent with JuCR 3.7(a) and RCW 13.34.110 and they should not be applied to dependency proceedings.

■ We disagree. Under JuCR 3.7 and RCW 13.34.110 the trial court is only required to hold a hearing when facts are in dispute. If facts are not in dispute, former King County LJuCR 3.7(e)(2) grants specific authority to the juvenile court to enter an order establishing dependency. Because it is not "impossible as a matter of law that they can both be effective" CR 56 and former King County LJuCR 2.4(e)(2) are not inconsistent with JuCR 3.7 and RCW 13.34.110. Therefore, CR 56 and former King County LJuCR 3.7(e)(2) may be applied to dependency proceedings, where appropriate.

We next address whether the trial court erred in entering an order on summary judgment here.

Summary judgment is appropriate where the pleadings, affidavits, depositions, and admissions demonstrate that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. CR 56(c); *Del Guzzi Constr. Co. v. Global Northwest Ltd.*, 105 Wn.2d 878, 882, 719 P.2d 120 (1986). The evidence and all reasonable inferences are considered in the light most favorable to the nonmoving party. *Del Guzzi Constr. Co.*, 105 Wn.2d at 882.

██ ██ The moving party bears the initial burden to show the absence of any genuine issue of material fact. *Young v. Key Pharmaceuticals, Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989). If the moving party meets its initial burden, the burden shifts to the nonmoving party to show that there are material issues of fact. *Young*, 112 Wn.2d at 225.

We recognize that 5 days before the hearing on the State's summary judgment motion, another trial court terminated Timothy and Deana's parental rights to their sons, D.S. and M.S., and entered findings establishing that Timothy and Deana were unfit to parent these children. Yet, the termination proceeding and the trial court's order addressed only whether the State had established by clear, cogent and convincing evidence that terminating Timothy and Deana's parental rights to *D.S.* and *M.S.* was appropriate under RCW 13.34.180(1)-(6).[2]

██ The trial court's findings as to D.S. and M.S. did not obviate the State's burden to establish by a preponderance of the evidence that *L.S.* was dependent within the meaning of RCW 13.34.030(2). Contrary to the State's assertion, neither the State's allegations in its dependency petition, nor the findings regarding D.S. and M.S. establish whether L.S. had a "parent, guardian, or custodian capable of adequately caring for [her]," or whether

[2]The trial court's findings are set out in detail in *State v. Schultes*, cause 25825-7-I (July 1, 1991) and *State v. Schultes*, cause 25873-7-I (July 1, 1991).

L.S. was "in circumstances which constitute a danger of substantial damage to [her] psychological or physical development."

Although the trial court adopted the opinions of two experts regarding Timothy and Deana's inability to parent their two sons, neither the trial court nor the doctors focused on the parenting of their daughter, L.S. While it may have been possible for the experts to conclude from their evaluations of Timothy and Deana that they were equally unable to care for L.S., no affidavits or other evidence to this effect was presented to the trial court on the motion for summary judgment. Because the State failed to meet its burden of proof on L.S.'s dependency, the burden never shifted to Timothy and Deana. We thus conclude that the State was not entitled to judgment as a matter of law.[3]

Reversed and remanded.

SCHOLFIELD and KENNEDY, JJ., concur.

---

[3]Because we decide that summary judgment was inappropriate due to the existence of genuine issues of material fact, we do not reach the question whether deciding dependency through a summary judgment procedure violates a parent's due process rights. *See State v. Ng*, 110 Wn.2d 32, 36-37, 750 P.2d 632 (1988) ("[a] reviewing court should not pass on constitutional matters unless absolutely necessary to its determination of the case").