

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Dependency of A.B.-W., dob 10/10/11, | ) ) ) ) | No. 68931-2-I |
| A minor child, | ) ) | DIVISION ONE |
| STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES, | ) ) ) ) ) | |
| Respondent, | ) ) | UNPUBLISHED OPINION |
| v. | ) ) | |
| ARTHUR S. BARBARINO, | ) ) | |
| Appellant, | ) ) | |
| ERIN L. WILLIS, | ) ) | |
| Defendant. | ) | FILED: April 22, 2013 |

SCHINDLER, J. — The State of Washington Department of Social and Health

Services (DSHS) filed a petition for dependency of A.B.-W. alleging there was no parent

capable of caring for A.B.-W. such that the circumstances constituted a danger of

substantial damage to the child. The mother stipulated to entry of an agreed order of

dependency and entered into an inpatient drug treatment program. The father was

incarcerated and admitted he was unable to care for the child. DSHS filed a motion for

summary judgment on the grounds that A.B.-W. was dependent because it was

undisputed there was no parent capable of caring for the child. In opposition, the father argued there were material issues of fact as to whether the mother was currently capable of caring for the child. We affirm.

FACTS

A.B.-W. was born October 10, 2011. The child's mother is Erin L. Willis and the father is Arthur S. Barbarino. Both parents have a history of drug addiction. Barbarino has a number of convictions for violation of the Uniform Controlled Substances Act. Willis admitted using heroin but said she did not use drugs during her pregnancy.

In January 2012, Barbarino was incarcerated at the Olympic Corrections Center. Willis and three-month-old A.B.-W. were living with two other women in an apartment in Bellingham. On January 18, police executed a search warrant at the apartment. The police found cocaine, a bag with methamphetamine residue, and other drug paraphernalia in the apartment. The police found a methamphetamine pipe in the bedroom Willis shared with A.B.-W. The police arrested Willis. The maternal grandmother Vickie Willis agreed to care for A.B.-W.

On February 3, DSHS filed a dependency petition alleging there was no parent, guardian, or custodian capable of caring for the child such that circumstances constituted a danger of substantial harm to A.B.-W. Willis and Barbarino agreed to placement of the baby with Vickie Willis. The court appointed counsel for Barbarino and scheduled a fact-finding hearing on the dependency petition for March 26.

At the hearing on March 26, Willis agreed to stipulate that A.B.-W. was a dependent child. Willis stipulated to entry of an agreed order of dependency of A.B.-W.

In the "Declaration and Stipulation to Entry of Agreed Order of Dependency," Willis states, in pertinent part:

> I understand that the entry of the agreed order of dependency is an admission by me that my child is a dependent child as defined by RCW 13.34.030. I also understand that the agreed order of dependency has the same legal effect as a finding by this court from a fact finding hearing that my child is dependent by at least a preponderance of the evidence. I further understand that once the agreed order of dependency is entered by this court, I will not have the right to challenge or dispute the fact that my child was found to be dependent in any subsequent review hearing, proceeding for termination of parental rights, proceeding for dependency guardianship, or proceeding for nonparental custody pursuant to chapter 26.10 RCW.

Barbarino appeared by telephone at the hearing on March 26. Barbarino did not object to entry of the agreed order of dependency as to Willis. The court found Willis was not capable of caring for the child and entered an "Order of Dependency" as to the mother. The court ordered the mother to obtain a drug and alcohol evaluation and participate in random urinalysis (UA), and scheduled a dependency review hearing for June 18. The court also scheduled a fact-finding hearing on whether the child was dependent as to the father for April 23.

On April 9, Barbarino filed a response to the dependency petition. Barbarino admitted that because he was incarcerated, there was no parent capable of adequately caring for A.B.-W. "such that the child is in circumstances which constitute a danger of substantial damage to the child's psychological or physical development."

On April 19, DSHS filed a summary judgment motion. DSHS argued that there was no dispute that the child was dependent because there was no parent capable of caring for A.B.-W. In opposition, Barbarino argued that there were material issues of fact as to whether Willis was currently capable of parenting the child.

An April 26 court order states that Willis was accepted into the Family Treatment Court Program and had begun phase one. The court ordered Willis to participate in outpatient and inpatient drug and alcohol treatment, participate in random UA, and attend daily alcoholics anonymous or narcotics anonymous meetings. Willis began inpatient drug treatment on April 30.

On May 16, Barbarino filed an amended response to the dependency petition. Barbarino admits he "cannot parent full-time in prison," but states that he "is working on chemical dependency issues and can parent upon his release." Barbarino also asserts the "mother is currently capable of adequately caring for the child."[1]

On May 17, the court held a hearing on the motion for summary judgment. Barbarino's attorney was present and Barbarino appeared by telephone. The court ruled that "[t]he issue of the mother's capability to parent was already determined by the court when she stipulated to finding the child dependent," and it was undisputed that "[t]he father has chemical dependency issues that he reports he is working on in prison [and] has a criminal history which includes many controlled substance, narcotics and possession convictions." The court concluded that as a matter of law, A.B.-W. was a dependent child.

> The child has no parent, guardian or custodian capable of adequately caring for him, such that he is in circumstances which constitute a danger of substantial damage to the child's psychological or physical development. The mother has stipulated to this fact and the father admitted this fact in his original Response due to his incarceration.

On May 29, the court entered an order of dependency and an order of disposition as to the father.

---

[1] On May 22, Barbarino filed a second amended response to the dependency petition which was identical to the first amended response.

ANALYSIS

Barbarino argues the court erred in granting summary judgment because there were genuine issues of material fact as to whether the mother was capable of caring for the child. The undisputed record does not support Barbarino's argument.

When reviewing a grant of summary judgment, an appellate court undertakes the same inquiry as the trial court. Wilson v. Steinbach, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). We consider the evidence and all reasonable inferences in the light most favorable to the nonmoving party. Schaaf v. Highfield, 127 Wn.2d 17, 21, 896 P.2d 665 (1995).

The moving party has the burden of showing the absence of evidence to support the nonmoving party's case. Young v. Key Pharms., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989). Once the moving party shows an absence of a genuine issue of material fact, the burden shifts to the nonmoving party. Young, 112 Wn.2d at 225. "[M]ere allegations, denials, opinions, or conclusory statements" do not establish a genuine issue of material fact. Int'l Ultimate, Inc. v. St. Paul Fire & Marine Ins. Co., 122 Wn. App. 736, 744, 87 P.3d 774 (2004); see also Ranger Ins. Co. v. Pierce County, 164 Wn.2d 545, 552, 192 P.3d 886 (2008).

The civil rules apply to dependency proceedings. JuCR 1.4(a). Where the facts are not in dispute, the court may enter summary judgment. In re Dependency of L.S., 62 Wn. App. 1, 8, 813 P.2d 133 (1991) (holding that "[u]nder JuCR 3.7 and RCW 13.34.110, the trial court is only required to hold a hearing when facts are in dispute").

To establish that a child is dependent, the State must prove by a preponderance of the evidence that the child "[h]as no parent, guardian, or custodian capable of

adequately caring for the child, such that the child is in circumstances which constitute a danger of substantial damage to the child's psychological or physical development." RCW 13.34.030(6)(c). A parent may "waive his or her right to a fact-finding hearing by stipulating or agreeing to the entry of an order of dependency establishing that the child is dependent within the meaning of RCW 13.34.030." RCW 13.34.110(3)(a).

Barbarino argues there were genuine issues of material fact as to whether the mother was currently capable of caring for A.B.-W. because the mother's "situation had greatly improved" in the two months between the entry of the stipulation and the summary judgment motion. But because Barbarino presented no evidence establishing a genuine issue of material fact to support his conclusory argument, the court did not err by granting summary judgment. Further, the undisputed evidence shows that approximately two months after entry of summary judgment, the mother was "still stabilizing" in the inpatient drug treatment program.

Barbarino also claims that the court violated his procedural due process rights by granting summary judgment.

"Parents have a fundamental liberty interest in the care and welfare of their minor children." In re Dependency of Schermer, 161 Wn.2d 927, 941, 169 P.3d 452 (2007). The State has an interest in protecting "the physical, mental, and emotional health of children." Schermer, 161 Wn.2d at 941. "[W]hen a child's physical or mental health is seriously jeopardized by parental deficiencies, 'the State has a parens patriae right and responsibility to intervene to protect the child.'" Schermer, 161 Wn.2d at 942 (quoting In re Welfare of Sumey, 94 Wn.2d 757, 762, 621 P.2d 108 (1980)).

In the context of a dependency proceeding, "[d]ue process requires that parents have notice, an opportunity to be heard, and the right to be represented by counsel." In re Welfare of Key, 119 Wn.2d 600, 611, 836 P.2d 200 (1992). Here, Barbarino was represented by counsel, appeared by telephone at the hearing, and had the opportunity to be heard when Willis agreed to enter into an order of dependency, and at the hearing on the motion for summary judgment.

We affirm.

WE CONCUR: