Opinion by JUDGE FURMAN
¶ 1 Mother and father appeal the summary judgment adjudicating their newborn child, S.N., dependent and neglected. The summary judgment was based on a theory of *502 prospective harm-that there was a risk that the parents would harm S.N. in the future-premised on the trial court's prior summary judgment terminating the parents' relationships with their three older children. The central issue on appeal is whether prospective harm is a factual question that precludes summary judgment. We conclude that it is. We thus reverse the trial court's summary judgment and remand for an adjudicatory jury trial.
I. The Petition in Dependency and Neglect
¶ 2 The Boulder County Department of Human Services (Department) removed S.N. from her parents at birth because a hearing on termination of parental rights involving their three older children was pending. The Department then petitioned the trial court to adjudicate S.N. dependent and neglected, alleging that there was a risk of prospective harm to S.N. if she were placed into the parents' care.
¶ 3 The parents denied the allegations in the petition and requested a jury trial. But, the Department sought summary judgment, alleging in the motion a risk that the parents would not properly care for S.N. in the future because they had ongoing mental health issues, lived in an environment that would be injurious to S.N., and had mistreated their older children, as proven in the prior termination. The prior termination, and the adjudication that preceded it, had also been resolved by summary judgment.
¶ 4 In their responses, the parents denied these allegations and renewed their request for a jury trial.
¶ 5 The trial court agreed with the Department and adjudicated S.N. dependent and neglected by summary judgment. The court found as follows:
Regardless of whether the Court's conclusion to terminate parental rights to the other three children was correct, the Court's factual and legal findings regarding their care in the previous [termination] order are incorporated into this order regarding both parents' failure to comply with the treatment plan, both parents' continual exhibition of the same problems addressed in the treatment plan and that have existed since the beginning of the case, their unfitness as parents, and the unlikeliness that they will become fit within a reasonable period of time.
¶ 6 On appeal, the parents contend that prospective harm is a factual question that precludes summary judgment. To adequately address this issue, we directed the parties to provide supplemental briefing. See C.A.R. 3.4(j)(2) ("After reviewing the petition on appeal, any response, and the record, the Court of Appeals may ... set the case for supplemental briefing on issues raised by the parties....").
¶ 7 We initially address a procedural issue, collateral estoppel, that the Department raised in its supplemental brief. We then address the summary judgment issue.
II. Collateral Estoppel
¶ 8 The Department contends that the parents are collaterally estopped from litigating whether S.N. was dependent and neglected based on the findings and order that terminated the parents' rights to their three older children. We conclude that collateral estoppel is inapplicable because the issues in S.N.'s and the other siblings' cases are not identical. See S.O.V. v. People in Interest of M.C., 914 P.2d 355, 359-60 (Colo.1996) (collateral estoppel, or issue preclusion, bars relitigation of an issue only if, among other things, the issue is identical to an issue actually adjudicated in a prior proceeding). The prior termination order did not involve S.N., the newborn child. See People in Interest of S.B., 742 P.2d 935, 939 (Colo.App.1987) ("[A]djudications of dependency or neglect are not made as to the parents but, rather, relate only to the status of the child as of the date of the adjudication.").
¶ 9 We now turn to the issue of the trial court's summary judgment.
III. Summary Judgment
¶ 10 The explanations and arguments of the parties-both before the trial court and on appeal-demonstrate significant confusion about the procedures surrounding the jury *503 trial right at the adjudicatory hearing and the capacity of summary judgment to preclude that right. To address this issue, we first discuss the procedural framework for adjudicatory hearings in the Children's Code, the standards applicable to summary judgment, and, finally, the Department's allegation that S.N. would be prospectively harmed by the parents if she were to be placed in their care.
A. Adjudicatory Hearings
¶ 11 The procedural framework for adjudicatory hearings is contained in the Children's Code. As our supreme court has recognized, "[t]he overriding purpose of the Children's Code is to protect the welfare and safety of children in Colorado by providing procedures through which their best interests can be ascertained and served. Article three, title 19, is the statutory framework for dependency and neglect proceedings." A.M. v. A.C., 2013 CO 16, ¶ 10, 296 P.3d 1026 (citation omitted).
¶ 12 Within this framework, parents are afforded an adjudicatory hearing. §§ 19-1-103(3), 19-3-202(2); 19-3-505(1), C.R.S.2013. At this hearing, a fact finder determines whether a child is dependent and neglected. See A.M., ¶ 12. It is only after finding the child dependent or neglected that the state may intrude into the familial relationship. Id. ; People in Interest of N.G., 2012 COA 131, ¶¶ 18-21, 303 P.3d 1207 ; People in Interest of A.M., 786 P.2d 476, 479 (Colo.App.1989). That is because, under Troxel v. Granville, 530 U.S. 57, 65, 68, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000), "there is a presumption that fit parents act in the best interests of their children" (the Troxel presumption). The Troxel presumption is tied to a parent's liberty interest, which "does not evaporate simply because they have not been model parents or have lost temporary custody of their child to the State"; and the presumption continues until a proper and final adjudicatory order has been entered. People in Interest of A.M.D., 648 P.2d 625, 632 (Colo.1982) (internal quotation marks omitted); N.G., ¶¶ 30-31.
¶ 13 In other words, to overcome a parent's fundamental right and defeat the Troxel presumption, the state must follow certain procedures, unique to the Children's Code, that are based on due process standards. See L.L. v. People, 10 P.3d 1271, 1275-76 (Colo.2000). The right to have a jury determine whether the factual averments in a petition are proved is one of these unique procedures. Compare § 19-3-202(2) ("[T]he petitioner, any respondent, or the guardian ad litem may demand a trial by jury of six persons at the adjudicatory hearing."), and L.L., 10 P.3d at 1275, and A.M., ¶ 12 ("The court must notify and advise the parents in open court that, as respondents to the petition, they are entitled to certain rights ... [including] their right to request trial by jury or by the court.") (citations omitted), with Motz v. Jammaron, 676 P.2d 1211, 1213 (Colo.App.1983) ("In Colorado a litigant is not entitled to a jury trial in a civil action as a matter of right. The right to a jury trial in civil cases exists only when set forth by statute or rule of court.") (citations omitted).
¶ 14 Despite this apparently unrestricted jury trial right at the adjudicatory hearing, divisions of this court have affirmed orders adjudicating children dependent and neglected through summary judgment. See, e.g., People in Interest of C.T., 746 P.2d 56, 58 (Colo.App.1987) (affirming an order adjudicating a child dependent and neglected through summary judgment where the father was serving a lengthy prison sentence after being convicted of kidnapping and first degree murder); S.B., 742 P.2d at 938-39 (affirming an order adjudicating a child dependent and neglected through summary judgment where the father was being held without bond for the murder of the child's mother).
¶ 15 Yet, certain judges on this court have disagreed that summary judgment is ever appropriate in dependency and neglect cases. See S.B., 742 P.2d at 941 (Babcock, J., dissenting) ("My reading of the applicable provisions of the Children's Code leads me to conclude that summary judgment is not applicable to a proceeding in dependency or neglect."); see also People in Interest of A.E., 914 P.2d 534, 540 (Colo.App.1996) (Ney, J., specially concurring) ("I write separately *504 because I believe that summary judgment procedures are not appropriate in a termination proceeding under the Children's Code.").
¶ 16 But, instead of resolving the broader disagreement about the propriety of summary judgment, we decide this case on a narrower basis-using standards applicable to summary judgment.
B. Standards Applicable to Summary Judgment
¶ 17 C.R.C.P. 56(c) allows a court to grant a motion for summary judgment before trial "when the pleadings and supporting documents establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Gibbons v. Ludlow, 2013 CO 49, ¶ 11, 304 P.3d 239.
¶ 18 Because summary judgment "denies litigants their right to [a] trial," it is a "drastic remedy" and is "never warranted except on a clear showing that there is no genuine issue as to any material fact." Ginter v. Palmer & Co., 196 Colo. 203, 205, 585 P.2d 583, 584 (1978) ; see Brodeur v. Am. Home Assur. Co., 169 P.3d 139, 146 (Colo.2007).
¶ 19 A material fact is a fact that, when resolved, "will affect the outcome of the case." Dominguez Reservoir Corp. v. Feil, 854 P.2d 791, 795-96 (Colo.1993) (internal quotation marks omitted); see City of Aurora v. ACJ P'ship , 209 P.3d 1076, 1082 (Colo.2009) ; Kaiser Found. Health Plan of Colo. v. Sharp , 741 P.2d 714, 718 (Colo.1987) ("Because the trial court may not assess the weight of the evidence or credibility of witnesses in determining a motion for summary judgment, the court may not grant summary judgment when there is a controverted factual issue that must be resolved in a trial."); Anderson v. Vail Corp. , 251 P.3d 1125, 1127 (Colo.App.2010). Material facts that generally require weighing of the evidence include "such issues as good faith, intent, and purpose" and "the bald declaration of a party by affidavit is not sufficient to resolve [these issues] in the face of a pleaded denial." Dominguez Reservoir Corp. , 854 P.2d at 796 (internal quotation marks omitted); see Wolther v. Schaarschmidt , 738 P.2d 25, 28 (Colo.App.1986). Where reasonable people could reach different conclusions about the evidence, summary judgment is not appropriate. See City of Aurora , 209 P.3d at 1082 ; Mt. Emmons Min. Co. v. Town of Crested Butte , 690 P.2d 231, 239 (Colo.1984).
¶ 20 "The moving party has the initial burden to show that there is no genuine issue of material fact." AviComm, Inc. v. Colo. Pub. Utils. Comm'n, 955 P.2d 1023, 1029 (Colo.1998) ; see Kaiser Found. Health Plan , 741 P.2d at 718-19 ("Even if the party opposing the motion bears the burden at trial of proving a particular fact, the party moving for summary judgment bears the burden of proving clearly that there is no genuine issue of material fact.").
¶ 21 Because the initial burden is on the moving party, if the moving party does not meet its burden, the burden does not shift to the nonmoving party and summary judgment must be denied. See Wolther, 738 P.2d at 28 ("[If] the moving party's proof does not itself demonstrate the lack of a genuine factual issue, summary judgment is inappropriate."); see also Churchey v. Adolph Coors Co., 759 P.2d 1336, 1340 (Colo.1988).
¶ 22 But, if the moving party meets its burden, "the burden shifts" to the nonmoving party to "adequately demonstrate by relevant and specific facts that a real controversy exists." City of Aurora, 209 P.3d at 1082 ; AviComm, Inc., 955 P.2d at 1029. Then, if the nonmoving party demonstrates that a controversy exists, summary judgment must be denied. See Struble v. Am. Family Ins. Co., 172 P.3d 950, 955 (Colo.App.2007).
¶ 23 Any controversy over a material fact must then be resolved at trial. See Dominguez Reservoir Corp., 854 P.2d at 795-96 ; see Mt. Emmons Min. Co. , 690 P.2d at 239 (summary judgment is reserved "only " for cases "where there is no dispute as to material facts and thus no role for the fact finder to play" at a trial) (emphasis in original).
¶ 24 We review de novo whether a summary judgment is appropriate, Gibbons, ¶ 11, and look to the "pleadings and supporting documents" in reviewing whether the moving party showed the absence of a genuine issue of material fact.
*505 Aspen Wilderness Workshop, Inc. v. Colo. Water Conservation Bd., 901 P.2d 1251, 1256 (Colo.1995) ; see C.R.C.P. 56(c) (courts may review the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any"). When looking to the pleadings and supporting documents, then, we are guided by the following "very stringent" principles, Trinity Broad. Of Denver, Inc. v. City of Westminster, 848 P.2d 916, 925 (Colo.1993) :
• We view the facts in the light most favorable to the nonmoving party. Struble, 172 P.3d at 955 ; see Brodeur, 169 P.3d at 146 ("[T]he nonmoving party is entitled to the benefit of all favorable inferences reasonably drawn from the undisputed facts; all doubts must be resolved against the moving party.").
• We do not "deny a litigant a trial where there is the slightest doubt as to the facts." Smith, for and on Behalf of Leech v. Mills, 123 Colo. 11, 14-15, 225 P.2d 483, 485 (1950) ; see Moffat Cnty. State Bank v. Told, 800 P.2d 1320, 1324 (Colo.1990) ; Hatfield v. Barnes, 115 Colo. 30, 33, 168 P.2d 552, 553 (1946) ("the comp[l]ete absence of any genuine issue of fact must be apparent").
• "[E]ven where it is extremely doubtful that a genuine issue of fact exists, summary judgment is not appropriate." Dominguez Reservoir Corp., 854 P.2d at 795-96 (internal quotation marks omitted); see Abrahamsen v. Mountain States Tel. & Tel. Co., 177 Colo. 422, 428, 494 P.2d 1287, 1289-90 (1972) ("not[ing] again that summary judgment is not appropriate in cases of doubt," even where it was "extremely doubtful" that a genuine issue of material fact existed).
¶ 25 We conclude with a few additional observations about summary judgment. It "was not devised for, [and] must not be used as, a substitute for trial." Mt. Emmons Min. Co., 690 P.2d at 239 (citation omitted). Thus, we may not grant summary judgment merely to "shortcut[ ]" a trial and save "judicial resources" in the "era of congested dockets." Id . Accordingly, we may deny litigants a trial only when "as a matter of law, based on undisputed facts, one party could not prevail." Id. (internal quotation marks omitted); see Gen. Ins. Co. of Am. v. City of Colo. Springs, 638 P.2d 752, 760 (Colo.1981).
C. Prospective Harm
¶ 26 The parents contend the trial court erred in adjudicating S.N. dependent and neglected by summary judgment because the issue of prospective harm necessarily involves disputed facts. We agree.
¶ 27 A child is dependent or neglected if any of the following facts are found:
(b) The child lacks proper parental care through the actions or omissions of the parent, guardian, or legal custodian; [or]
(c) The child's environment is injurious to his or her welfare; [or]
(d) A parent, guardian, or legal custodian fails or refuses to provide the child with proper or necessary subsistence, education, medical care, or any other care necessary for his or her health, guidance, or well-being;
§ 19-3-102(1)(b)-(d), C.R.S.2013.
¶ 28 Because a dependency and neglect proceeding is both preventive and remedial, an adjudication may also be based on prospective harm. People in Interest of D.L.R., 638 P.2d 39, 42 (Colo.1981). Although the term "prospective harm" is not defined in the Children's Code or in court opinions, "prospective" simply means "likely or expected to happen." American Heritage Dictionary of the English Language 1408 (4th ed. 2000). Harm means, among other things, that the child lacks proper parental care through the actions or omissions of the parent, the child's environment is injurious to his or her welfare, or a parent, guardian, or legal custodian fails or refuses to provide the child with proper or necessary subsistence, education, medical care, or any other care necessary for his or her health, guidance, or well-being. § 19-3-102(1)(b)-(d). Hence, to determine whether a child is dependent and neglected based on prospective harm, the fact-finder must determine whether it is " 'likely' " or " 'expected' " that the child will be dependent or neglected in a parent's care in the future. In re L.C. , 947 So.2d 1246, 1249 (Fla.Dist.Ct.App.2007) (quoting *506 In re J.L. , 824 So.2d 1023, 1025 (Fla.Dist.Ct.App.2002) ).
¶ 29 Prospective harm thus requires the fact finder to predict whether, based on the parent's past conduct and current circumstances, it is reasonably likely or expected that the parent will mistreat or fail to provide proper care for the child in the future. See People in Interest of C.R. v. E.L., 38 Colo.App. 252, 254, 557 P.2d 1225, 1227 (1976) (the trial court could reasonably infer that the non-abused child lacked proper care from the evidence establishing mistreatment of the other children); see also D.L.R., 638 P.2d at 42 (the Children's Code does not require that a child be placed with a parent to determine whether the parent can provide proper care or if the child will be harmed).
¶ 30 In making this determination, the fact finder may consider a parent's past treatment of his or her other children. See D.L.R., 638 P.2d at 42 ; People in Interest of B.W., 626 P.2d 742, 743 (Colo.App.1981) ("In determining the dependency and neglect of a child, evidence that his siblings have been abused may be considered by the trial court as probative of whether the non-abused child lacks proper parental care.").
¶ 31 But, a parent's past conduct and care of other children, while probative, are not necessarily dispositive of whether it is likely or expected a child will be dependent and neglected in the parent's care in the future. See In re Dependency of L.S., 62 Wash.App. 1, 813 P.2d 133, 137-38 (1991) (the trial court's findings that the parents were unfit to parent two older children did not establish that the child was dependent); cf. People in Interest of N.D.V., 224 P.3d 410, 419 (Colo.App.2009) (each child is considered separately, and the trial court may terminate a parent's rights to one child even though another child has been returned to the parent); People in Interest of D.L.C., 70 P.3d 584, 588 (Colo.App.2003) (a parent may be unfit as to one, but not all, of his or her children).
¶ 32 Consequently, the parents' conduct and care of their other children are probative of how they might treat S.N. in the future, but they are not conclusive. What their future conduct might be and what, if any, risk to S.N. it might create is a purely factual question on which reasonable minds could differ. See Kaiser Found. Health Plan, 741 P.2d at 718.
¶ 33 Thus, the question of prospective harm is inappropriate for summary judgment. Id. This is true even though the Department claims that the evidence for prospective harm is "overwhelming." See id. (a jury, not the court, properly assesses the evidence); Abrahamsen, 177 Colo. at 428, 494 P.2d at 1289-90. Simply put, the Department's motion for summary judgment does not establish the absence of a genuine issue of material fact. See Hamon Contractors, Inc. v. Carter & Burgess, Inc., 229 P.3d 282, 290 (Colo.App.2009) ; Wolther, 738 P.2d at 28.
IV. Conclusion
¶ 34 We conclude with one final observation. The Department asks us to affirm the summary judgment because "[t]he dysfunctional [parents] in this case ... contribut[e] to the dizzying growth of the case load in this Court." We recognize that dependency and neglect courts often have significant caseloads. But, judicial efficiency is not a sufficient reason to affirm a summary judgment where the record shows disputed issues of material fact exist. See Kaiser Found. Health Plan, 741 P.2d at 718.
¶ 35 Accordingly, we reverse the trial court's summary judgment and remand for an adjudicatory jury trial. In light of our holding, we need not address the parties' remaining contentions.
JUDGE GRAHAM and JUDGE MILLER concur.