The PEOPLE of the State of Colorado, Petitioner–Appellee, In the Interest of C.T., a Child,

And

Concerning C.P.T., Respondent–Appellant.

No. 86CA0778.

Colorado Court of Appeals, Div. I.

July 23, 1987.

Rebecca Parker, Commerce City, for petitioner-appellee.

William H. Ebbert, Denver, for respondent-appellant.

Shari F. Shink, Denver, guardian ad litem.

METZGER, Judge.

Father, C.P.T., appeals from a trial court order adjudicating his minor child, C.T., dependent and neglected. We affirm.

The People filed a C.R.C.P. 56 motion for summary judgment on December 23, 1985, seeking an adjudication of dependency and neglect. The motion alleged that (1) father had been incarcerated since July 22, 1984; (2) father had been convicted of kidnapping and first degree murder; (3) father's long-term incarceration prevented him from providing financial support, emotional support, nurturance, or care for the child; and (4) no genuine issue of material fact existed as to father's inability to provide adequate care for the child.

During a status conference conducted on January 6, 1986, the trial court determined that the motion for summary judgment would be ruled on without a hearing. It then ordered that the People file an affidavit in support of its motion within seven days and gave the guardian ad litem and father "20 days to respond."

The People filed an affidavit in support of the motion for summary judgment on January 13, 1986, and the guardian ad litem's response in support of the motion was filed on January 27, 1986. On January 30, 1986, father filed a response together with a motion for extension of time in which to contact "relatives and other resources" with the hope of obtaining affidavits in opposition to the People's motion for summary judgment.

On January 27, 1986, the trial court granted the People's motion for summary judgment, and its memorandum opinion and order was signed on January 30, 1986. Father's response to the motion for summary judgment was not considered by the trial court in determining whether the motion should be granted.

On appeal, father contends that his response to the motion for summary judgment and his motion for extension of time in which to file affidavits in opposition were timely filed on January 30, 1986, and

that, therefore, the trial court erred in failing to consider them. He argues that, pursuant to the order of January 6, 1986, the 20–day period in which to file a response to the motion for summary judgment did not begin to run until the seven-day period for filing affidavits had expired.

Assuming, but not deciding the correctness of this contention, we conclude that the error, if any, was harmless. Even if the court had considered father's response and had granted father's request for extension of time, and even if the alleged affidavits, which were never filed, had shown that the father's relatives were willing to care for the child in the future during the father's 20–year incarceration, that information would have created no genuine issue of material fact as to the child's current status as dependent and neglected.

The issue of a child's status is determined at the adjudicatory stage, pursuant to § 19–3–106, C.R.S. (1986 Repl.Vol. 8B). The issue of a child's placement is determined at the dispositional stage, pursuant to § 19–3–111, C.R.S. (1986 Repl.Vol. 8B).

Adjudications of dependency or neglect are not made "as to" the parents, but rather relate only to the status of the child. *People in Interest of P.D.S.*, 669 P.2d 627 (Colo.App.1983). A determination of dependency and neglect must be based on a consideration of existing circumstances and not on speculation concerning future possibilities. *See People in Interest of S.S.T.*, 38 Colo.App. 110, 553 P.2d 82 (1976).

Consequently, any information concerning future placement which the father could or would have produced would have been irrelevant to a determination of the child's status as dependent and neglected at the time of the court's ruling. Rather, such information would be pertinent for the court to consider at the dispositional hearing. Consequently, we conclude that the trial court's actions did not constitute error.

Reviewing the pleadings and affidavits before the trial court, we agree with its determination that no genuine issue of material fact existed as to father's inability

to care for the child as of the date of its order. *See People in Interest of S.B.*, 742 P.2d 935 (Colo.App.1987); *GRM Investments v. Depot, Inc.*, 694 P.2d 379 (Colo. App.1984). The child's mother had voluntarily relinquished any rights to C.T., the father had been sentenced to life, and C.T. had been in foster care, in the custody of the Department of Social Services, for several months. Thus, summary judgment was appropriate. *See* C.R.C.P. 56.

Father's final contention, questioning the propriety of summary judgment in dependency and neglect proceedings, was raised for the first time in this appeal. Therefore, it was not preserved for review. *See People in Interest of B.M.*, 738 P.2d 45 (Colo. App.1987.) In any event, that issue has been resolved adversely to father's position in *People in Interest of S.B., supra.*

Judgment affirmed.

PIERCE and KELLY, JJ., concur.