**COLORADO STATE BOARD OF DENTAL EXAMINERS,**
Appellee,

v.

**John MAJOR, D.D.S., Appellant.**

**No. 98CA1248.**

Colorado Court of Appeals,
Div. II.

Sept. 30, 1999.

Certiorari Denied April 10, 2000.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Michael E. McLachlan, Solicitor General, John Daniel Dailey, Assistant Solicitor General, Susan I. Machmer, Assistant Attorney General, Denver, Colorado, for Appellee.

Cooper & Clough, P.C., Paul D. Cooper, Chris L. Ingold, Denver, Colorado, for Appellant.

Opinion by Judge VOGT.

John Major (respondent) appeals the final order of the Colorado State Board of Dental Examiners (Board) revoking his license to practice dentistry. We affirm.

Respondent's license to practice dentistry was suspended by the Board in 1994, after he failed to comply with the terms of an earlier Board order requiring, among other things, that he abstain from the use of drugs and alcohol.

Respondent and the Board subsequently entered into a Stipulation and Final Agency Order (SFAO), in which he admitted various violations of Board orders and admitted that the Board had prima facie evidence of substandard care as to five of his patients. The SFAO provided that respondent's license was to be revoked but that, after one year, respondent could apply to have his license reinstated on a probationary basis if he had successfully complied with the terms of the SFAO. Respondent agreed to permanent revocation of his license upon any proven violation of the SFAO.

In 1996, the Board filed a complaint alleging that respondent had violated the SFAO in various ways, including unilaterally decreasing the dosage of lithium he was taking for his bipolar disorder, and that he was unable to perform dental services with reasonable skill and safety to his patients. In response, respondent asserted that his bipolar disorder was a protected disability under the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101, et seq. (1994). Therefore, he contended, the Board was precluded from seeking the remedies requested in the complaint and was required to make reasonable accommodation for his disability.

After a hearing, the Administrative Law Judge (ALJ) found that respondent had violated the SFAO by failing to file timely reports and failing to comply with his prescribed lithium regimen. However, she also found that these violations were manifestations of respondent's bipolar disorder. The ALJ concluded that respondent was thus a "qualified individual with a disability" under the ADA; that any action to revoke his license permanently pursuant to the SFAO would amount to discrimination on the basis of disability; and that a reasonable accommodation for respondent's disability, as required by the ADA, would be to extend the period of conditional revocation of his license for an additional twelve months to permit him to establish that he could successfully complete the conditions precedent to lifting the revocation.

The Board rejected the ALJ's recommendation. It disagreed on two grounds with her conclusion that respondent was a qualified individual with a disability under the ADA. First, he had failed to pass the clinical licensing examination required by the Board to certify minimal competence and, thus, had not demonstrated the skills and abilities necessary to practice dentistry. Second, his noncompliance with the SFAO's requirements, particularly with regard to his lithium regimen, demonstrated that he could not safely practice dentistry. Accordingly, because it concluded both that respondent was not qualified to practice dentistry and that he had violated the SFAO, which mandated rev-

ocation for any violation, the Board permanently revoked respondent's license.

## I.

Respondent asserts that the Board impermissibly set aside the ALJ's findings and acted in excess of its authority when it entered its order revoking his license. We do not agree.

## A.

■ Initially, we reject respondent's contention that the Board was not permitted to set aside ALJ findings that were supported by competent evidence in the record.

The Board disagreed with the ALJ as to whether respondent was a qualified individual with a disability under the ADA and whether it was safe for him to practice dentistry. The ALJ's findings as to these matters are not findings of evidentiary fact, but findings of ultimate fact.

■ Evidentiary facts are the historical facts underlying a controversy. Ultimate facts are "conclusions of law or mixed questions of law and fact that are based on evidentiary facts and determine the rights and liabilities of the parties." As a general rule, ultimate facts are phrased in the language of the controlling statute or legal standard. *Samaritan Institute v. Prince–Walker*, 883 P.2d 3, 9 (Colo.1994).

■ As respondent points out, the ALJ's findings of evidentiary fact cannot be set aside by the Board on review unless they are contrary to the weight of the evidence. Section 24–4–105(15)(b), C.R.S.1999. However, as to findings of ultimate fact, the Board is not bound by the ALJ's findings. It can make its own determination, which will be upheld if it has a reasonable basis in law and is supported by substantial evidence in the record. *See State Board of Medical Examiners v. McCroskey*, 880 P.2d 1188 (Colo. 1994).

As set forth below, we conclude that the Board's determination that respondent was not a qualified individual with a disability has a reasonable basis in law and is supported by substantial evidence in the record. Accord-

ingly, we may not set aside that determination even if, as respondent contends, there is also evidence in the record to support the ALJ's contrary determination.

### B.

■ Nor do we agree that the Board acted in excess of its statutory authority when it revoked respondent's dental license.

The Board is charged with regulating the practice of dentistry in Colorado. Section 12–35–104, C.R.S.1999. Section 12–35–118(1), C.R.S.1999, authorizes the Board to revoke a dentist's license for any of several enumerated reasons, including, as pertinent here, violation of a lawful Board order (§ 12–35–118(1)(h), C.R.S.1999) and disability that renders the dentist unable to perform dental services with reasonable skill and with safety to the patient (§ 12–35–118(1)(i), C.R.S.1999).

As noted, the ALJ found two violations of the SFAO, which by its terms mandated permanent revocation of respondent's license for any violation of its provisions. Although respondent contends, and the ALJ found, that his violations were minor, § 12–35–118(1)(h) is not limited to major violations. Indeed, the ALJ expressly found that respondent had violated § 12–35–118(1)(h). Further, the SFAO does not distinguish between major and minor violations in its provision regarding permanent revocation.

Although revocation of respondent's license was thus, on its face, within the Board's authority under § 12–35–118(1)(h), as well as within the express provisions of the SFAO, respondent nevertheless contends that the Board's statutory authority cannot be exercised in a way that violates federal law. However, for the reasons set forth below, we conclude that the ADA did not preclude permanent revocation of respondent's license, and that the Board was accordingly not in violation of federal law when it exercised its authority to revoke the license.

### II.

■ Respondent contends that the ADA precluded the Board from revoking his license. We do not agree.

The ADA provides that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. 42 U.S.C. § 12132 (1994); *see Community Hospital v. Fail*, 969 P.2d 667 (Colo.1998); *Colorado State Board of Medical Examiners v. Davis*, 893 P.2d 1365 (Colo.App.1995).

As a "public entity" within the meaning of 42 U.S.C. § 12131(1)(B) (1994), the Board and its licensing activities are subject to this ADA provision. *See* 28 C.F.R. § 35.130(b)(6) (public entity may not administer a licensing program in a manner that subjects qualified individuals with disabilities to discrimination on the basis of disability).

It has been held, and the Board does not dispute, that bipolar disease is a disability under the ADA. *See Florida Bar v. Clement*, 662 So.2d 690 (Fla.1995), *cert. denied*, 517 U.S. 1210, 116 S.Ct. 1829, 134 L.Ed.2d 933 (1996).

The primary issue in dispute in this case is whether respondent is a "qualified individual" within the meaning of 42 U.S.C. § 12132, so as to be entitled to the protections of the ADA.

For purposes of 42 U.S.C. § 12132, "qualified individual with a disability" means "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices ... meets the essential eligibility requirements for ... the participation in programs or activities provided by a public entity." Section 42 U.S.C. § 12131(2) (1994); *People v. Reynolds*, 933 P.2d 1295 (Colo.1997).

■ Determining whether a person subject to licensure is a qualified individual with a disability requires a case-by-case analysis. *People v. Reynolds, supra.* A disabled individual is not "qualified" under the ADA if that individual commits an act which, without more, disqualifies him or her from licensure. *See People v. Reynolds, supra* (ADA did not prevent supreme court from disciplining attorney who suffered from chronic depression

where his depression had not been shown to have directly caused his misconduct); *see also Community Hospital v. Fail, supra* (employee who seeks to establish that her employer violated the ADA by failing to offer reasonable accommodation must show she was otherwise qualified for her current position).

The Board concluded that the ADA did not apply to respondent because he was not a qualified individual with a disability. The Board cited two reasons for its conclusion: (1) his failure to pass the required examination, which, according to the Board, "alone renders him unqualified;" and (2) his failure to show that he could practice dentistry safely.

We conclude that the Board's determination as to the first stated reason had a reasonable basis in law and was supported by substantial evidence in the record. Accordingly, inasmuch as that alone was sufficient to render the ADA inapplicable, we do not reach respondent's arguments concerning the second stated reason.

The ALJ found that respondent had not passed all of the required portions of the examination in question. Documentary evidence in the record indicating that respondent in fact did not receive a passing score on one portion of the examination supports this finding. Further, the record does not indicate, and the ALJ did not find, that respondent's failure to pass the examination was the direct result of his bipolar disorder. *See People v. Reynolds, supra.*

Respondent took exception to the ALJ's finding, claiming to have passed the examination. The Board stated:

> The Board accepts the ALJ's finding . . . . that respondent passed two parts of the . . . examination. However, a passing score is not achieved until all parts of the examination are passed.

Respondent argues that passing the examination at issue was not required under the SFAO. However, the issue here is not whether respondent's failure to pass the test violated the SFAO, but whether his failure to pass it demonstrated that he was not "otherwise qualified" to practice dentistry. If he was

not, the ADA did not preclude the Board from revoking his license.

The Board is responsible for determining the qualifications required for licensure to practice dentistry and the circumstances in which licensure may be denied or revoked. *See* §§ 12–35–107 and 12–35–114.5, C.R.S. 1999. It was within the Board's statutory authority and within its area of expertise to determine that failure to pass the requisite examination rendered respondent unqualified to practice dentistry.

In sum, because respondent did not establish that he was a qualified individual with a disability, the ADA did not preclude the Board from revoking his license pursuant to § 12–35–118(1)(h) and the provisions of the SFAO.

The order is affirmed.

Judge PLANK and Judge JONES concur.