24CA1787 Peo in Interest of AF 05-15-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1787
Arapahoe County District Court No. 23JV445
Honorable Shay K. Whitaker, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of A.F., a Child,

and Concerning P.F.,

Appellant.

---

JUDGMENT AFFIRMED

Division A
Opinion by JUDGE BERNARD*
Román, C.J., and Hawthorne*, J., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 15, 2025

---

Ronald Carl, County Attorney, Sarah Simchowitz, Assistant County Attorney, Aurora, Colorado, for Appellee

Sheena Knight, Guardian Ad Litem

Just Law Group, LLC, John F. Poor, Denver, Colorado, for Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1 A father, P.F., appeals the judgment adjudicating his child, A.F., dependent or neglected. We affirm.

## I. Background

¶ 2 In August 2021, the Arapahoe County Department of Human Services received a report that the child had been exposed to a controlled substance when her mother had given birth to her. In its investigation, the department also learned that the child's parents — father and mother — had two older children who were no longer in their care because of prior dependency or neglect cases.

¶ 3 The department filed a dependency or neglect case later in 2021, and, among other things, the juvenile court ordered the parents to engage in substance abuse treatment. In December 2022, over the department's objection, the court dismissed the 2021 case, and it returned the child to her parents' care.

¶ 4 About one year later, the department received a report that mother had been intoxicated when she brought the child to a doctor's appointment. Mother completed a toxicology screen, which produced a presumptive positive result for illicit substances. When the medical provider conveyed this result to mother, she became agitated, threatened the provider, and left the office with the child.

1

¶ 5    A caseworker from the department, accompanied by law enforcement officers, went to mother's home. The caseworker thought that mother was still intoxicated, but she refused to allow the caseworker to take custody of the child. The caseworker then spoke with father, who said that mother was not intoxicated; her behavior was just "typical of when she becomes angry."

¶ 6    Based on this information, the department obtained a removal order and filed the petition in dependency or neglect in this case. As to father — mother is not a party to this appeal — the department asserted that the child was dependent or neglected because (1) she lacked proper parental care through father's actions or omissions, and (2) her environment was injurious to her welfare. *See* § 19-3-102(1)(b)-(c), C.R.S. 2024. Father denied the allegations and asked for a jury trial.

¶ 7    The juvenile court held a jury trial over four days in August 2024. During the trial, the department and the guardian ad litem maintained that the child was dependent or neglected with respect to father because he could not provide protective parenting, given mother's continued substance abuse. They noted that father refused to acknowledge the safety concerns around mother's

2

substance abuse and that he continued to use substances, albeit legal ones such as marijuana. They said that these were the same concerns present in the 2021 case, as well as in the parents' other cases with the older children.

¶ 8 After hearing the evidence, the jury found that the department had proved the child was dependent or neglected under section 19-3-102(1)(b) and (c). Based on the jury's verdicts, the court sustained the petition, entered an adjudication, and adopted a treatment plan for father.

## II. Dependency or Neglect Adjudications

¶ 9 To establish that a child is dependent or neglected, a department must prove by a preponderance of the evidence that the factual allegations in the petition satisfy one of the statutory grounds in section 19-3-102. *See* § 19-3-505(1), (7)(a), C.R.S. 2024; *People in Interest of S.N. v. S.N.*, 2014 CO 64, ¶ 21 (*S.N. I*) (whether a child is dependent or neglected is a mixed question of law and fact because it requires the application of the statutory grounds to the evidentiary facts).

¶ 10 As is relevant to this appeal, a child is dependent or neglected if (1) the child "lacks proper parental care through the actions or

3

omissions" of a parent, or (2) the child's "environment is injurious to his or her welfare." § 19-3-102(1)(b)-(c). Proper parental care means the minimum level of care or services and necessities that are required to prevent any serious threat to the child's health or welfare. *People in Interest of S.X.M.*, 271 P.3d 1124, 1131 (Colo. App. 2011). An injurious environment is a situation that is "likely harmful" to the child. *People in Interest of J.G.*, 2016 CO 39, ¶ 26. A child may be adjudicated under the injurious environment provision with respect to one parent, even if the other parent created the injurious environment. *See People in Interest of M.M.*, 2017 COA 144, ¶ 25.

¶ 11    An adjudication of dependency or neglect must relate to the child's status at the time of adjudication. *People in Interest of A.E.L.*, 181 P.3d 1186, 1192 (Colo. App. 2008). But that does not mean that a fact finder must find that the child is receiving improper care at the time of the hearing. *S.X.M.*, 271 P.3d at 1130. Rather, because a dependency or neglect proceeding is preventative as well as remedial, an adjudication may be based on past, current, or prospective harm. *People in Interest of S.G.L.*, 214 P.3d 580, 583 (Colo. App. 2009).

¶ 12    In considering prospective harm, a fact finder must determine whether the child will lack proper parental care or whether the environment will be injurious if the child is returned to the parent. *S.X.M.*, 271 P.3d at 1130. Said another way, a fact finder can predict whether it is likely or expected that a child will be dependent or neglected if returned to the parent. *People in Interest of S.N.*, 2014 COA 116, ¶¶ 15-17 (*S.N. II*). That determination may be based on (1) "facts about a parent's past treatment of his or her other children," and (2) the "parent's past conduct," including drug abuse. *Id.* at ¶¶ 17-18.

### III.    Admission of Father's History of Substance Use

¶ 13    Father asserts that the court erred when it admitted evidence of his history of substance use. We disagree.

### A.    Standard of Review

¶ 14    We review the court's decision to admit evidence for an abuse of discretion. *People in Interest of M.H-K.*, 2018 COA 178, ¶ 60. A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or when it misapplies the law. *People in Interest of A.N-B.*, 2019 COA 46, ¶ 9.

¶ 15    Father asserts, instead, that we should review his assertion de novo since the court (1) applied an improper legal standard because it did not properly apply C.R.E. 403, C.R.E. 404(b), or *People in Interest of A.W.*, 2015 COA 144M, ¶¶ 19-27 when it admitted the evidence, and (2) the court's evidentiary error infringed upon his right to due process of law.  We are not persuaded for two reasons.

¶ 16    First, a court's decisions concerning the applicability of CRE 403 and 404(b) are reviewed for an abuse of discretion.  *See People v. Bondsteel*, 2019 CO 26, ¶ 45 (CRE 404(b)); *People v. Gibbens*, 905 P.2d 604, 607 (Colo. App. 1995)(CRE 403).  And *Interest of A.W.* simply discusses CRE 403 and CRE 404(b) in the context of a dependency and neglect case.

¶ 17    Second, "only errors that specifically and directly offend a defendant's constitutional rights are 'constitutional' in nature." *Wend v. People*, 235 P.3d 1089, 1097 (Colo. 2010).  A court's error in admitting evidence normally does not fall into that category. *People v. Martinez*, 2020 COA 141, ¶ 27.

## B.    Applicable Law

¶ 18    Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of

6

the action more probable or less probable than it would be without the evidence." CRE 401. But even relevant evidence may be excluded under CRE 403 "if its probative value is substantially outweighed by the danger of unfair prejudice."

¶ 19    Evidence of other crimes, wrongs, or acts is not admissible "to prove a person's character in order to show that on a particular occasion the person acted in conformity with the character." CRE 404(b)(1). Generally, when a party presents evidence of other acts under Rule 404(b), the trial court should apply the four-part test developed in *People v. Spoto*, 795 P.2d 1314, 1318 (Colo. 1990).

¶ 20    Rule 404(b) and the *Spoto* test typically arise in criminal cases, but Colorado courts have sporadically applied them in civil cases. *See, e.g.*, *Boettcher & Co. v. Munson*, 854 P.2d 199, 210 (Colo. 1993). However, in *People in Interest of A.W.*, 2015 COA 144M, ¶¶ 19-23, a division of this court held that Rule 404(b) and *Spoto* did not apply in the context of a dependency or neglect case involving evidence of prospective harm.

C.    Relevant Facts and Analysis

¶ 21    Father filed two motions in limine that are pertinent to our review. First, father asked the court to preclude evidence of his

previous dependency or neglect cases, including evidence of his history of substance use.  Second, he asserted, more specifically, that admitting evidence of his prior substance use violated CRE 404(b) and *Spoto*.

¶ 22     In reply, relying on *A.W.*, the department and the guardian ad litem argued that CRE 404(b) and *Spoto* did not apply because they were offering the evidence of father's prior substance use to establish prospective harm.

¶ 23     The court agreed that CRE 404(b) and *Spoto* did not apply, and it allowed the department to admit evidence related to father's prior dependency or neglect cases for the purpose of showing prospective harm.  The court also decided that this evidence was admissible under CRE 403 because it was "highly probative" of prospective harm, considering that it involved similar issues of protective parenting for father and substance abuse for mother.  In ruling on the second motion, the court noted that, although its previous ruling did not specifically mention father's prior substance use, it believed that its ruling covered father's substance use because that issue could not be "parsed out" of the prior cases.

¶ 24 During the trial in this case, the department presented evidence about father's history of substance use, mostly related to the 2021 case. For example, the caseworker in that case testified that, because father had a history of substance use, his treatment plan required him to participate in substance abuse treatment and sobriety monitoring. She reported that father did not complete treatment and that he had tested positive for marijuana and alcohol. She also testified that father told her that he used marijuana "to curb his cravings for the harder drugs."

¶ 25 The court provided the jury with the following limiting instruction:

> During this trial, the court admitted certain evidence of [father's] past involvement [with the department] and dependency [or] neglect cases, for the limited purpose of assessing whether [the child] is in an injurious environment or lacks proper parental care now. You cannot consider that evidence for the purpose of assessing the character of [father] or for any other purpose.

¶ 26 We conclude that the record shows the court did not abuse its discretion when it decided that CRE 404(b) and *Spoto* did not apply to evidence of father's history of substance use. In this case, the evidence showed that father had a lengthy history of substance use,

that he had not complied with mandated treatment in the past, and that he continued to use substances. From this evidence, the jury could predict whether it was likely or expected that father could be a protective parent if the child was returned to his care. *See S.N. II*, ¶ 17. Contrary to father's assertion, this evidence was not based on "speculation concerning future possibilities," *People in Interest of C.T.*, 746 P.2d 56, 58 (Colo. App. 1987), but, instead, it was precisely the type of evidence that is admissible to establish prospective harm, *see S.N. II*, ¶ 18. And, according to *A.W.*, when a party offers evidence of prospective harm, CRE 404(b) and *Spoto* do not apply. *See A.W.*, ¶ 23.

¶ 27    Father also contends that the juvenile court could not admit the evidence of his history of drug use because it was not relevant to the concerns that brought the family to the department's attention in this case. To the extent that father asserts that the court should have excluded the evidence because it was not relevant, he did not preserve that issue. *See People v. Ujaama*, 2012 COA 36, ¶ 37 (stating that an issue is unpreserved when an objection or request is made in the trial court but on grounds different from those raised on appeal).

10

¶ 28    If, however, father's challenge relates to CRE 403, we reject it

because the danger of unfair prejudice did not substantially

outweigh the probative value of the evidence.  On the one hand,

although the department's initial contact with father, mother, and

the child in this case did not involve concerns that father was under

the influence of substances, father's substance use was still an

issue, and it was highly probative of whether he could be a

protective parent.  On the other hand, based on the limiting

instruction, we must presume that the jury did not use the evidence

for an improper purpose.  We therefore conclude that father was not

unfairly prejudiced by the court's decision to admit the evidence of

his prior substance use.  *See A.W.*, ¶ 27.

## IV.    Motion for Directed Verdict

¶ 29    Father contends that the court erred when it denied his

motion for a directed verdict.  We disagree.

### A.    Standard of Review

¶ 30    We review de novo the court's decision to deny father's motion

for a directed verdict.  *People in Interest of L.S.*, 2023 CO 3M, ¶ 13.

In doing so, we must "view the evidence, and all inferences that may

reasonably be drawn therefrom, in the light most favorable to the

11

nonmoving party." *Parks v. Edward Dale Parrish LLC*, 2019 COA 19, ¶ 10. We will uphold the court's decision unless there was no evidence that could support a verdict against father. *See id.*

### B. Analysis

¶ 31    After reviewing the record in the light most favorable to the department, we conclude that there was sufficient evidence presented to establish that the child was dependent or neglected under section 19-3-102(1)(b) and (c).

¶ 32    To begin, the department presented sufficient evidence, based on mother's substance abuse, to show that the child was dependent or neglected with respect to father. *See* § 19-3-102(1)(c); *see also M.M.*, ¶ 25. The department offered extensive evidence establishing that mother was caring for the child while intoxicated on the day that the department removed the child from father's and mother's care, including

- testimony from multiple witnesses, including staff at the doctor's office, the intake caseworker, and a police officer;
- video footage from the doctor's office and the police officer's body camera; and

12

- test results from mother's drug screen, along with expert testimony about the positive result.

¶ 33     The department also presented testimony from mother's family time supervisor, who said that mother came to three visits under the influence of substances, and video footage from one visit.

¶ 34     The department introduced sufficient evidence to prove that father lacked protective parenting capabilities based on his failure to acknowledge mother's substance abuse, which, when combined with the evidence described above, was sufficient to show that the child lacked proper parental care based on father's acts or omissions and that the child was in an injurious environment. *See* § 19-3-102(1)(b)-(c); *see People in Interest of T.T.*, 128 P.3d 328, 331-32 (Colo. App. 2005)(concluding that the evidence was sufficient for an adjudication under (1)(b) and (c) where the father "denied that [the] mother used drugs" despite "evidence that she did"). The department offered father's statements — made in this case and in previous cases — indicating that he did not acknowledge mother's substance abuse or the risk to the child's safety, plus the caseworker's opinions about father's lack of protective capabilities.

¶ 35   Still, father maintains that the court erred because, by the time of the trial, father and mother were living with two sober caregivers who could intervene, if necessary.  Although evidence that father and mother had taken steps to protect the child following the filing of a dependency or neglect case was relevant to whether the child would be dependent or neglected if the court returned the child to them, this evidence was not dispositive.  *See People in Interest of B.W.*, 626 P.2d 742, 743 (Colo. App. 1981)(noting that, when a court's decision to deny a motion for directed verdict "is based on conflicting evidence," the court does not err).  Father cites no legal authority for his position.  We therefore reject his assertion.

¶ 36   The judgment is affirmed.

CHIEF JUDGE ROMÁN and JUDGE HAWTHORNE concur.