25CA0032 Peo in Interest of JC 06-05-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0032
Arapahoe County District Court No. 23JV289
Honorable Shay K. Whitaker, Judge
Honorable Victoria Klingensmith, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of Je.C. and Ja.C., Children,

and Concerning L.C.,

Appellant.

---

JUDGMENT AFFIRMED

Division II
Opinion by JUDGE SCHUTZ
Fox and Harris, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 5, 2025

---

Ron Carl, County Attorney, Erinn Walz, Assistant County Attorney, Aurora, Colorado, for Appellee

Sheena Knight, Counsel for Youth, Brighton, Colorado, for Je.C.

Sheena Knight, Guardian Ad Litem, for Ja.C.

Patrick R. Henson, Office of Respondent Parents' Counsel, Chelsea A. Carr, Office of Respondent Parents' Counsel, Denver, Colorado, for Appellant

¶ 1     L.C. (father) appeals the summary judgment adjudicating Je.C. and Ja.C. (the children) dependent and neglected. We affirm.

## I.    Background

¶ 2     The Arapahoe County Department of Human Services (the Department) filed a petition in dependency or neglect alleging concerns about the children's mother's substance use and mental health, and the children's safety. The Department also asserted that father was suffering from dementia[1], living in a nursing facility, and unable to care for the children.

¶ 3     Father denied the allegations and requested a jury trial. However, due to father's medical issues, the jury trial was continued. The Department then moved for summary judgment, asserting that the children were dependent and neglected under sections 19-3-102(1)(c) and (1)(e), C.R.S. 2024. The Department later amended its motion to include section 19-3-102(1)(b) and affidavits from the caseworker and family time coach. Father opposed the motion and filed a response.

---

[1] Father's counsel later confirmed father was diagnosed with vascular dementia.

¶ 4    The juvenile court granted the amended motion for summary judgment based solely on section 19-3-102(1)(e).  The court then adjudicated the children dependent or neglected and vacated the adjudicatory jury trial.

## II.    Summary Judgment

¶ 5    Father contends that the juvenile court erred by granting summary judgment.  Specifically, he asserts that there was a genuine issue of material fact as to whether, with support and accommodations under the Americans with Disabilities Act (ADA), he could have lived with, and provided proper care for, the children.

### A.    Adjudication Criteria and Standard of Review

¶ 6    Section 19-3-102(1)(e) provides that a child is dependent and neglected if the child is "homeless, without proper care, or not domiciled with his or her parent . . . through no fault of such parent."

¶ 7    Although the issue of whether a child is dependent or neglected presents a mixed question of fact and law because it requires application of evidentiary facts to the statutory grounds, *People in Interest of S.N. v. S.N.*, 2014 CO 64, ¶ 21, we review the

juvenile court's grant of summary judgment de novo, *Robinson v. Legro*, 2014 CO 40, ¶ 10.

### B.   Summary Judgment Principles and Relevant Law

¶ 8     Summary judgment is only appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *S.N.*, ¶¶ 14-15; *see also* C.R.C.P. 56(c).

¶ 9     The moving party bears the burden of establishing that there is no disputed material fact.  *People in Interest of M.M.*, 2017 COA 144, ¶ 13.  A material fact is one that affects the outcome of the case.  *Morley v. United Servs. Auto. Ass'n*, 2019 COA 169, ¶ 14.  To meet its burden, the moving party may use pleadings, depositions, answers to interrogatories, admissions on file, and affidavits.  C.R.C.P. 56(c).  If the moving party fails to meet its burden, summary judgment must be denied.  *M.M.*, ¶ 13.

¶ 10     However, if the moving party meets its initial burden, the burden then shifts to the nonmoving party to demonstrate the existence of a triable issue of fact.  *Id.* at ¶ 14.  To do so, the nonmoving party must "adequately demonstrate by relevant and

specific facts that a real controversy exists." *City of Aurora v. ACJ P'ship*, 209 P.3d 1076, 1082 (Colo. 2009).

¶ 11     Even if the material facts are undisputed, summary judgment is only appropriate if "reasonable minds could draw but one inference from them." *S.N.*, ¶ 18 (quoting *Gibbons v. Ludlow*, 2013 CO 49, ¶¶ 13, 35).  When making this determination, the court must view the facts in the light most favorable to the nonmoving party.  *Id.* at ¶ 16.

### C.     The Department's Motion

¶ 12     In moving for summary judgment, the Department focused on father's answers to the requests for admissions (RFAs).  The Department asserted that father admitted that he (1) did not currently reside with the children; (2) had a medical condition of vascular dementia; (3) could not care for the children solely by himself at that time; and (4) needed assistance caring for himself. The Department also provided an affidavit from the caseworker where she detailed that father (1) lived in an acute care facility; (2) had a fourteen-by twenty-foot room, which included a bathroom and a roommate; (3) received care and supervision due to his medical diagnosis; and (4) had memory difficulties.  It was also

4

undisputed that mother had admitted the children were dependent and neglected while in her care.

### D.    Father's Response

¶ 13    In his response, father claimed, as relevant to this appeal, that:

- the Department failed to make reasonable efforts to explore housing options that may have allowed the children to be placed with him;

- his answers to the Department's RFAs were completed while he was a patient at a hospital and he had since been discharged to an assisted care facility; and

- he had objected to the RFA regarding his future ability to care for the children as speculative.

¶ 14    Despite father's change in circumstance since he answered the RFAs, he did not refute the Department's allegations that the children did not live with him or that he was presently unable to care for them. Father also did not attach an affidavit or evidence to his response. *See Todd v. Hause*, 2015 COA 105, ¶¶ 13-14 ("[T]he party opposing summary judgment cannot rest on the mere allegations of the pleadings, but must demonstrate by specific facts

admissible under the rules of evidence that a controversy exists. . . . When the nonmoving party presents no affidavits or other counterevidence to contradict the moving party's initial showing, a court must conclude that no genuine issue of material fact exists.") (citations omitted).

### E.    The ADA

¶ 15    To the extent father alleges that the Department's failure to make reasonable efforts or accommodations itself was a disputed material fact, we disagree.

### 1.    Applicable Law

¶ 16    The ADA requires a public entity, such as the county department of human services, to make reasonable accommodations for qualified individuals with disabilities. *See People in Interest of C.Z.*, 2015 COA 87, ¶ 11; *see also* 42 U.S.C. § 12102 (defining "disability" under the ADA); 42 U.S.C. § 12111(8) (defining "qualified individual" under the ADA).

¶ 17    Whether a parent is a qualified individual with a disability under the ADA requires a case-by-case determination. *See Colo. State Bd. of Dental Exam'rs v. Major*, 996 P.2d 246, 249 (Colo. App. 1999). Before a department can be required to provide reasonable

accommodations under the ADA, it must know that the individual has a qualifying disability, either because the disability is obvious or because someone has informed the department of the disability. *People in Interest of S.K.*, 2019 COA 36, ¶ 22. Thus, while a department must provide appropriate screening and assessments of a parent, a parent is responsible for disclosing information regarding their disability. *Id.* at ¶ 21. And a parent should also identify any modifications that they believe are necessary to accommodate their disability. *Id.*

## 2. Analysis

¶ 18 Father filed a "Notice of Americans with Disabilities Act Applicability" alerting the juvenile court that he qualified as a person with a disability pursuant to the ADA. However, we are not convinced that father's status as a qualified individual, in and of itself, prevented the court from adjudicating the children dependent or neglected.

¶ 19 Father cites section 24-34-805(2)(e), C.R.S. 2024, in support of his claim that he should have been provided reasonable accommodations to explore whether he would have been able to parent the children with assistance. This section requires that, in a

dependency and neglect case under title 19, the court "shall find whether reasonable accommodations and modifications" under the ADA "were provided to avoid nonemergency removal on the basis of disability." § 24-34-805(2)(e).  Although father notified the court that he was a qualified person with a disability under the ADA, he did not identify any necessary accommodations.  *See S.K.*, ¶ 21 ("[T]he parent is responsible for disclosing to the Department and the juvenile court information regarding his or her mental impairment. . . .  And the parent should also identify any modifications that he or she believes are necessary to accommodate the disability.").  Moreover, father's notice stated that should he "require any accommodations or modifications," his counsel would "confer . . . and motion the [c]ourt."  No such motion was filed prior to the entry of the summary judgment order.

¶ 20    On appeal, father asserts that the Department failed to provide reasonable accommodations by making "no efforts to find a location" where he could have parented with assistance.  But, for most of the case, father was living at care facilities and did not request that the department consider alternative facilities that may have allowed for placement of the children with him.  *See id.*

¶ 21    Thus, assuming without deciding that section 24-34-805(2)(e) applies at the adjudicatory phase, father points to no specific, reasonable accommodation that he requested or which could have been provided that would have addressed his needs and allowed him to act as a protective parent for the children. While we are sympathetic to father's situation, the record does not reflect a disputed issue of material fact regarding whether the Department made reasonable accommodations prior to his adjudication.

F.    Section 19-3-102(1)(e)

¶ 22    We conclude that the undisputed facts give rise to only one reasonable inference: the children were not domiciled with father and lacked proper parental care through no fault of father. *See* § 19-3-102(1)(e). Mother admitted that the children were dependent and neglected because they were in an injurious environment while in her care. And father admitted that he could not care for the children.

¶ 23    While father's response asserted that the Department failed to make reasonable efforts, as explained above he failed to articulate any specific action that the Department could have taken to allow the children to be placed with him. Counsel's allegation,

9

unsubstantiated by competent evidence, did not demonstrate a triable issue of fact. *See Todd*, ¶¶ 13-14. Furthermore, father admits that, at the time of the adjudication, the children were not living with him. *See People in Interest of C.T.*, 746 P.2d 56, 58 (Colo. App. 1987) ("A determination of dependency and neglect must be based on a consideration of existing circumstances and not on speculation concerning future possibilities.").

¶ 24 We conclude the undisputed facts demonstrate that the children were in an injurious environment with mother prior to their removal, and father was unable to care for them through no fault of his own. Thus, the trial court did not err by adjudicating the children dependent and neglected relative to father pursuant to section 19-3-102(1)(e).

### III. Constitutionality of Section 19-3-102(1)(e)

¶ 25 Father also asserts that section 19-3-102(1)(e) is unconstitutionally overbroad on its face and as applied to him. We decline to address this issue because it was not properly preserved.

¶ 26 While divisions of this court have reached different conclusions on whether to address unpreserved constitutional arguments in dependency and neglect cases, *see People in Interest*

*of M.B.*, 2020 COA 13, ¶ 34, the general rule in civil cases is that parties may not raise for the first time on appeal "[a]rguments never presented to, considered by, or ruled upon by a trial court," *Colo. Div. of Ins. v. Statewide Bonding, Inc.*, 2022 COA 67, ¶ 73. While father correctly asserts that "talismanic language" is not required to preserve an issue, a party must still have presented the "sum and substance" of the argument to the district court. *Madalena v. Zurich Am. Ins. Co.*, 2023 COA 32, ¶ 50 (citation omitted).

¶ 27 The sum and substance of father's argument on appeal — that section 19-3-102(1)(e) is "unconstitutionally overbroad as written and applied in this case" and that it was "not specifically fashioned and narrowly tailored to further its legitimate objective" — was not presented to the juvenile court. Moreover, father's undeveloped reference to his due process right to a jury trial was insufficient to place the juvenile court on notice that father was contesting the constitutionality of section 19-3-102(1)(e). *See Berra v. Springer & Steinberg, P.C.*, 251 P.3d 567, 570 (Colo. App. 2010) (an issue is preserved when it is brought to the court's attention and the court has an opportunity to rule on it). We therefore decline to address the issue further.

## IV. Disposition

The judgment is affirmed.

JUDGE FOX and JUDGE HARRIS concur.